UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARISOL RODRIGUEZ and VERONICA
RODRIGUEZ,

    Plaintiffs,

        v.

THE COOK COUNTY SHERIFF'S
OFFICE and LONNY LEVIN,

    Defendants.

No. 09 C 2757
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

**I. STATEMENT OF FACTS**

In their Second Amended Complaint Plaintiffs allege that on or about March 31, 2009, they were arrested by agents of Defendant Cook County Sheriff's Office and charged with prostitution. On or about April 29, 2009, Plaintiffs appeared in court to answer the charges against them. They were referred to a court diversion program and the charges against them were dismissed on June 4, 2009. At no time did Plaintiffs plead guilty to the charges against them, nor were they placed on probation.

On April 29, 2009, the Cook County Sheriff's Office issued a press release allegedly personally written and signed by the Office's press agent, Defendant Lonny Levin. The release was sent to over fifty news agencies and personnel, including broadcast and cable television stations, newspapers, and websites. The release included Plaintiffs' mug shots, a description of the alleged crime, including the words "on multiple occasions, undercover officers were offered sex in exchange for cash," and the statement "Each pleaded guilty to one count of prostitution and were sentenced to one year of probation."

In their Second Amended Complaint, Plaintiffs allege the following two counts pursuant to 42 U.S.C. § 1983: (1) deprivation of constitutional rights through libel; and (2) an equal violation protection under a "class of one theory." Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants move to dismiss the Second Amended Complaint on the following grounds: (1) Plaintiffs' libel claim fails because they allege no facts to support a constitutional violation; (2) Plaintiffs have failed to state an equal protection violation claim because tortious conduct does not amount to discrimination; (3) Plaintiffs have failed to allege facts to support a claim against Defendant Levin in his official capacity; and (4) Defendant Levin is immune from suit. For the following reasons, Defendants' motion is granted.

## II. STANDARD OF REVIEW

A Motion to Dismiss under Rule 12(b)(6) requires that I analyze the legal sufficiency of the complaint, and not the factual merits of the case. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir.1998). I must take all facts alleged in Plaintiffs' complaint as true and draw all reasonable inferences from those facts in favor of Plaintiffs. *Caldwell v. City of Elwood*, 959 F.2d 670, 671 (7th Cir.1992). Plaintiffs, for their part, must do more than solely recite the elements for a violation; they must plead with sufficient particularity so that their right to relief is more than a mere conjecture. *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiffs must plead their facts so that, when accepted as true, they show the plausibility of their claim for relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Plaintiffs must do more than plead facts that are "consistent with Defendants' liability" because that only shows the possibility, not the plausibility, of their entitlement to relief. *Id.* (internal quotations omitted).

**III. DISCUSSION**

**A. Deprivation of Constitutional Rights Through Libel**

Defendants first argue that Plaintiffs have failed to state a claim under § 1983 because they were not denied any of their constitutional rights. Section 1983 provides a federal cause of action for "the deprivation, under color of [state] law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States." *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (citation omitted). Because § 1983 itself provides for no substantive rights, "[t]he initial step in any § 1983 analysis is to identify the specific constitutional right which was allegedly violated." *Id.* Although claims of libel are typically not congnizable under § 1983, libel can form the basis of a § 1983 claim where the act of libel deprived a plaintiff of her constitutional rights. *See Pitts v. City of Kankakee*, 267 F.3d 592, 596 (7th Cir. 2001). "In order to 'cross the line from mere defamation' to a constitutional violation, a plaintiff must offer facts to show that the defendant's conduct and/or statements were 'so stigmatizing' that they constitute 'infringement of a liberty interest.'" *Walls v. Lombard Police Officers*, No. 99 C 3016, 2002 WL 548675, at *6 (N. D. Ill. Apr. 4, 2002) (quoting *Hedrich v. Bd. of Regents of the Univ. of Wis. Sys.*, 274 F.3d 1174, 1184 (7th Cir. 2001)).

Plaintiffs allege violations of their Fourth, Fifth, and Sixth Amendment rights as a result of the press release, but fail to elaborate just how these rights were violated. In their response to Defendants' motion to dismiss, Plaintiffs explain that "for all practical purposes" they were deprived of their "rights to proof beyond a reasonable doubt, a fair trial, and the effect of a not guilty or dismissal . . ." But Plaintiffs were never actually tried, and there is no "protectable liberty or property interest in [one's] reputation[.]" *Hojnacki v. Klein-Acosta*, 285 F.3d 544, 548

3

(7th Cir. 2002) (citation omitted).  Because "[t]here is no constitutional right to be free of defamation," and because Plaintiffs fail to plead any facts to support a constitutional violation, Defendants' motion to dismiss Count I is granted.  *Batagiannis v. West Lafayette Comm. School Corp.*, 454 F.3d 738, 742 (7th Cir. 2006).

**B.  Equal Protection Violation Under A "Class of One" Theory**

Defendants next argue that Plaintiffs have failed to adequately plead an equal protection violation under a "class of one" theory where they have pled no facts to support their conclusory assertions that Defendants' actions "were irrational and wholly arbitrary acts of the local governmental agency . . . and/or were a spiteful act of defendants to harm plaintiff unrelated to any legitimate state or Cook County governmental objective."

An equal protection claim based on a "class of one" theory is one in which "the plaintiff does not claim to be a member of a class that the defendant discriminates against, but argues only that he is being treated arbitrarily worse than some one or ones identically situated to him." *Lauth v. McCollum*, 424 F.3d 631, 633 (7th Cir.2005).  "A class of one equal protection claim may be brought where (1) the plaintiff alleges that he has been intentionally treated differently from others similarly situated and (2) that there is no rational basis for the difference in treatment or the cause of the differential treatment is a totally illegitimate animus toward the plaintiff by the defendant." *McDonald v. Village of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004).

In *Hilton v. City of Wheeling*, 209 F.3d 1005, 1008 (7th Cir. 2000), the Seventh Circuit interpreted the "no rational basis" requirement in the "unusual setting" of a "class of one" challenge "to mean that to make out a prima facie case the plaintiff must present evidence that the defendant deliberately sought to deprive him of the equal protection of the laws for reasons of

4

a personal nature unrelated to the duties of the defendant's position." Without such a requirement, a plaintiff would need not present any basis whatsoever for the alleged disparate treatment. *McDonald*, 371 F.3d at 1001-02 & n.3. Some more recent cases suggest that a showing of animus may not be required, and that a plaintiff need only demonstrate that there was no rational reason for the unequal treatment. *Hanes v. Zurick*, 578 F.3d 491, 494 (7th Cir. 2009) (citing *U.S. v. Moore*, 543 F.3d 891, 898 (7th Cir. 2008) (collecting cases)). The pleading standard articulated in *Twombly*, applies to claims of discrimination. *Iqbal*, 129 S. Ct. at 1953.

Plaintiffs in this case claim that under *Village of Willowbrook v. Olech*, 528 U.S. 562, 565 (2000), the allegations pled in the Second Amended Complaint are adequate to survive Defendants' Motion to Dismiss. In *Olech*, the Court found sufficient the plaintiff's allegations that the defendant village "intentionally demanded a 33-foot easement as a condition of connecting her property to the municipal water supply where the Village required only a 15-foot easement from other similarly situated property owners[,]" that this demand was "irrational and wholly arbitrary, and that the Village ultimately connected her property after receiving a clearly adequate 15-foot easement." The Court in *Olech* cited *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) for the proposition that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." However, the "no-set-of-facts" test articulated in *Conley* has since been "retired" by the Supreme Court. *Iqbal*, 129 S. Ct. At 1944. In *Iqbal*, the Court laid out its new standard:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

> draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* at 1949 (citations and quotations omitted). Although I must assume the truth of Plaintiffs' factual allegations, legal conclusions are not entitled to the same assumption. *Id.* at 1950.

Plaintiffs provide no factual allegations to support their claim that Defendants' actions were spiteful. Such a pleading would certainly not survive Defendants' motion to dismiss were allegations of animus required, as Plaintiffs allege no facts to suggest that there was some history or incident between the parties that would cause Defendants to act "for reasons of a personal nature." *See Arnold v. Metropolitan Gov't of Nashville and Davidson County*, 2009 WL 2430822 (M.D. Tenn. 2009) (collecting cases that survive motions to dismiss and "allow for a plausible inference that the plaintiff's adverse treatment was motivated by personal malice unrelated to the defendant's official duties") (citation and quotations omitted). The Seventh Circuit has not yet resolved the issue of whether animus is required. But even without an animus requirement, Plaintiffs' complaint fails to meet the pleading requirements of *Twombly* and *Iqbal*. Plaintiffs allege that they were "singled out" of the "[t]housands of persons [that] have been placed in court diversion programs" and that the false statements made about them were "intentional" and "arbitrary." Plaintiffs provide no facts to support a claim of discrimination and fail to suggest a basis for the discrimination; neither do they provide any supporting facts to belie the common sense inference that the statements made in the press release were the result of error and not discrimination. *See Sunday Lake Iron Co. v. Wakefield Tp.*, 247 U.S. 350, 353 (1918)

6

("It is [ ] clear that mere errors of judgment by officials will not support a claim of discrimination. There must be something more-something which in effect amounts to an intentional violation of the essential principle of practical uniformity."); *McDonald*, 371 F.3d at 1009 ("[T]he purpose of entertaining a 'class of one' equal protection claim is not to constitutionalize all tort law . . ."). A complaint cannot survive a motion to dismiss "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 129 S.Ct. at 1949.[1]

Furthermore, Plaintiffs have filed suit against Defendant Levin, acting in his official capacity as press agent. Because official-capacity suits are essentially suits against the entity for which the individual is alleged to have acted as agent, "local government officials sued in their official capacities are 'persons' under § 1983 in those cases in which, as here, a local government would be suable in its own name." *Monell v. Dep't. of Soc. Servs. Of the City of New York*, 436 U.S. 658, n.55 (1978). Local governmental entities are liable under § 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690.

Plaintiffs allege that through his actions, Levin "stated the express policy of the sheriff's office and/or utilized the final policy making authority of his office." In their response to Defendants' motion to dismiss, Plaintiffs argue that Levin, as press agent "is obviously at the

---

[1] While it is true that Plaintiffs have pleaded the elements required for a "class of one" equal protection claim, they have alleged no facts to support these assertions other than the statement that Defendants singled them out of thousands of similarly situated people and intentionally made false statements about them. While there is a tension in this Circuit as to whether or not some showing of illegitimate animus is required, some factual allegations of subjective intent would have certainly enhanced Plaintiff's pleadings. I am not suggesting that such allegations are required, but on the alleged facts presently before me, something more is necessary to render Plaintiffs' alleged constitutional claim plausible, not merely possible.

policy making level." Plaintiffs fail to allege any facts to support this allegation, and they also fail to specify the nature of the policy or custom they are alleging. These naked assertions, without more, fail to render plausible Plaintiffs' claimed entitlement to relief. For these reasons, Defendants' motion to dismiss is granted.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: December 3, 2009